FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 31  PM 6:56

ROBERT R. THOLIG
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| WILFREDO LORA,<br><br>     Plaintiff,<br><br>vs.<br><br>THOMAS HOLLENHORST,<br>WILLIAM FITZPATRICK, and,<br>TIMOTHY MCGRANT,<br><br>     Defendants. | X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X | No. 04-2821-D/V |

ORDER TRANSFERRING CASE TO UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

Plaintiff Wilfredo Lora, Bureau of Prisons ("BOP") inmate registration number 42980-083, a federal prisoner who is incarcerated at Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"), filed an irregular pro se complaint and paid the filing fee. The Clerk shall record the defendants as Thomas Hollenhorst, William Fitzpatrick, and Timothy McGrant.

Lora was convicted of conspiracy to distribute and possess heroin and cocaine with the intent to distribute in the United States District Court for the Eastern District of Virginia. He was sentenced to 292 months imprisonment. United States v. Lora, 26 Fed. Appx. 149 (4th Cir. Dec. 13, 2001).

Lora files this civil complaint against Thomas Hollenhorst and William Fitzpatrick, Assistant United States Attorneys, and Timothy McGrath, Special Agent with the United States Drug Enforcement Agency, alleging that they breached a written contract that Lora's "off the record debriefings" would not be used against him in a

criminal proceeding. Lora contends the defendants "violated their oath of office." He requests that the Court determine whether the defendants violated the agreement. Upon any determination that the agreement was breached, he seeks order compelling the defendants to void the agreement and expunge all of his testimony. He further seeks a declaratory judgment stating that the defendants violated their oaths of office.

Twenty-eight U.S.C. § 1391(e) provides, in relevant part, as follows:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial parts of the events or omissions giving rise to the claim occurred . . . , or (3) the plaintiff resides if no real property is involved in the action.

Plaintiff is incarcerated in this district and no real property is involved in this action. However, whether the Court construes Lora's civil complaint as a contract action or one for declaratory relief, it is clearly a backhanded attempt to mount a collateral attack on his conviction.

Federal prisoners seeking collateral relief from a conviction or sentence must seek relief through a motion to vacate under 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (1999); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997); United v. Sarduy, 838 F.2d 157, 158 (6th Cir. 1988)(challenge to proper sentence calculation should be brought under § 2255, not Rules 32 or 35).

2

See also United States v. Cerna, 1994 U.S. App. LEXIS 27901 at *2-3 (6th Cir. Oct. 4, 1994)(district court has discretion to construe motion erroneously styled as one under § 3582(c)(2) as a motion to vacate under § 2255);[1] United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993); Wood v. United States, No. 91-2055, 1992 U.S. App. Lexis 3053 (6th Cir. Feb. 25, 1992)(petition for a writ of error coram nobis should be construed as motion under § 2255);[2] Owens v. Benson, 439 F. Supp. 943, 944 (E.D. Mich. 1977)(the proper remedy for a federal prisoner attacking his conviction or sentence is a motion under § 2255). Cf. Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(adopting per se rule that district court may not consider a § 2255 motion while prisoner's direct appeal is pending and affirming denial of habeas relief to prisoner whose direct appeal was pending in Fifth Circuit).

Lora previously filed a motion to vacate his conviction under 28 U.S.C. § 2255, Lora v. United States, No. 03-670 (E.D. Va May 22, 2003), and also has sued these defendants for breach of contract, Lora v. Hollenhorst, et al., No. 03-449, No. 04-1184, 108 Fed. Appx. 101 (4th Cir. 2004). Furthermore, his application to file a second or successive § 2255 motion was denied. See United States v. Lora, No. 04-6899, 112 Fed. Appx. 291 (4th Cir. 2004).

---

[1] Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

[2] See supra note 3.

3

The Court is unable to access the decisions of the United States District Court for the Eastern District of Virginia, Lora's district of conviction, to determine is this action is duplicative of Case No. 03-449 for breach of contract or whether it presents issues previously determined in his motion to vacate and/or request to file a successive motion.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

All events underlying this action occurred in the Eastern District of Virginia and two of the three defendants are located there. That district court is best situated to determine if Lora's action is duplicative of a prior case or otherwise represents an abuse of the judicial system in an attempt to harass the defendants. Accordingly, the Court determines that it is in the interest of justice for this case to be transferred rather than dismissed.

Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Eastern District of Virginia, at Alexandria.

IT IS SO ORDERED this 31 day of May, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-02821 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

---

Wilfredo G. Lora
FCI-MEMPHIS
42980-083
Post Office 34550
Memphis, TN 38184--055

Honorable Bernice Donald
US DISTRICT COURT