IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 JUL -5 PM 2: 06

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| WILFREDO LORA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS HOLLENHORST,<br>WILLIAM FITZPATRICK, and,<br>TIMOTHY MCGRANT,<br><br>Defendants. | No. 04-2821-D/V |

## ORDER DENYING MOTION TO EXPEDITE AS MOOT

By order entered May 31, 2004, this Court transferred this irregular pro se complaint to the United States Court for the Eastern District of Virginia. On June 6, 2004, the plaintiff Wilfredo Lora, filed a "motion to expedite process" stating that he served the defendants with notices of his lawsuit and requests for waiver of service. The Court follows the procedure set for in the administrative order of the United States Court of Appeals for the Sixth Circuit which states:

> [B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A. . . . Therefore, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case may proceed in normal course. District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1131-33 (6th Cir. 1997)(articulating how district courts should apply the PLRA).

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___7/6/05___

(12)

Accordingly, screening of pro se complaints must occur before process issues or service is effected. Any delay in issuing process and effecting service in a case subject to screening is not attributable to the plaintiff. Furthermore, as the Court had not screened plaintiff's complaint at the time he attempted to effect service upon the defendants, his service was premature and improper. Furthermore, the motion is DENIED as moot, due to the transfer of the case to the Eastern District of Virginia, at Alexandria.

IT IS SO ORDERED this 30th day of June, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 12 in case 2:04-CV-02821 was distributed by fax, mail, or direct printing on July 6, 2005 to the parties listed.

---

Wilfredo G. Lora
FCI-MEMPHIS
42980-083
Post Office 34550
Memphis, TN 38184--055

Honorable Bernice Donald
US DISTRICT COURT